IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOSHUA JACKSON GRIMES,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4467

Opinion filed January 12, 2016.

An appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

Nancy A. Daniels, Public Defender, and Jennifer Morrissey, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Matthew Pavese, Assistant Attorney General, Tallahassee, for Appellee.

BENTON, J.

     Joshua Jackson Grimes stands convicted of second-degree arson for a fire a third party set accidentally in a car Mr. Grimes took after its owner denied him permission to drive it again. On appeal, he does not challenge his convictions for

burglary, petit theft, and grand theft of the car. His argument on appeal (echoing his motion for judgment of acquittal) that he "did not start the fire, nor ha[ve] anything to do with the fire happening," acknowledged and addressed by the state, is well taken. It is also broad enough to encompass a contention that the fire did not occur in the commission of the theft; Mr. Grimes's arson conviction should be reversed on that ground, too.

As the jury instruction makes clear, the first element of second-degree arson requires proof that the defendant "caused" the fire. Fla. Std. Jury Instr. (Crim.) 12.2. Under the rule of lenity, the 1990 amendment to section 806.01, Florida Statutes, merely relieves the state of the burden of proving that a person who causes a fire "while in the commission of any felony" did so intentionally. § 806.01(2), Fla. Stat. (2014).

The state concedes Mr. Grimes did not start the fire. H.L., a juvenile who was not present when the car was taken from where its owner left it, accidentally set the interior of the car on fire well after the appellant had taken the car and reached "a place of temporary safety." State v. Williams, 776 So. 2d 1066, 1070 (Fla. 4th DCA 2001) (affirming judgment of acquittal on felony murder charge where defendant, after committing grand theft auto, had reached a place of temporary safety before causing the fatal car crash). Cf. Parker v. State, 570 So. 2d 1048, 1052 (Fla. 1st DCA 1990) (affirming felony murder conviction where

2

"[t]he time from the robbery to the killing was no longer than an hour, the killing occurred no more than several miles from the robbery, and the only stops that the robbers made were . . . all to accomplish their goal of fleeing from the scene of the crime to a place of safety"). On these facts, it cannot be said that appellant caused the fire, nor that the fire occurred during the theft of the motor vehicle.

Reversed, and remanded for resentencing.

LEWIS and BILBREY, JJ., CONCUR.